UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NATIONWIDE CHILDREN'S
HOSPITAL, INC., et al.,

       Plaintiffs,                      Case No. 2:08-cv-1140
                                                JUDGE GREGORY L. FROST
      v.                                Magistrate Judge Mark R. Abel

D.W. DICKEY & SON, INC.
EMPLOYEE HEALTH AND WELFARE
PLAN, et al.,

       Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of a motion for judgment on the pleadings (Doc. # 22) filed by The Masters Agency d/b/a American Benefits Management ("American Benefits"), a memorandum in opposition (Doc. # 32) filed by Robert Doe and John Doe, and a reply memorandum (Doc. # 44) filed by American Benefits. For the reasons that follow, the motion is not well taken.

Review of the record indicates that Robert Doe and John Doe filed counterclaims against three defendants on February 17, 2009.[1] (Doc. # 11.) One of these defendants, American Benefits, filed a responsive answer to the counterclaim on March 3, 2009. (Doc. # 13.) The two other named defendants, D.W. Dickey & Son, Inc. and D.W. Dickey & Son, Inc. Employee Health and Welfare Plan, filed a joint motion to dismiss on March 9, 2009. (Doc. # 15.)

---

[1] The Court notes that Robert Doe has used his actual name in his filings. Because identification of the father implicitly reveals the identity of his minor son in this case, the Court will continue to use "Robert Doe" here.

1

Thereafter, on March 29, 2009, American Benefits filed its motion for judgment on the pleadings on the Doe counterclaims. (Doc. # 22.)

This pleading scenario presents a problem. The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The relevant provisions of the Civil Rules contemplate the filing of an answer to a counterclaim. Fed. R. Civ. P. 7(a)(3). But because American Benefits is the only party to have filed such an answer to the Doe counterclaims, the pleadings are not closed so as to permit the filing of a Rule 12(c) motion.

A similar situation existed in *Habeeba's Dance of the Arts, Ltd. v. Knoblauch*, No. 2:05-CV-926, 2006 WL 968642 (S.D. Ohio Apr. 10, 2006). In that case, another judicial officer in this District addressed a scenario in which one of two named defendants had filed an answer and then a motion for judgment on the pleadings and the other defendant had filed a motion to dismiss but had not yet filed an answer. *Id.* at *2. That judicial officer reasoned:

> The Court agrees that Defendant Knoblauch's motion for judgment on the pleadings is premature. Under Rule 12(c), a motion for judgment on the pleadings cannot be filed until the pleadings are "closed." Courts having addressed this issue have held that "closed" means every defendant must file an answer before a Rule 12(c) motion can be filed. *See Moran v. Peralta Community College Dist.*, 825 F.Supp. 891, 894 (D.Cal.1993) ("Ordinarily, this means that a Rule 12(c) motion must await the answers of all defendants."); *Stands Over Bull v. Bureau of Indian Affairs*, 442 F.Supp. 360, 367 (D.Mont.1977) ("When a defendant has failed to file an answer, a motion for judgment on the pleadings is not the correct procedural remedy."). Thus, the pleadings are not closed until all defendants have filed an answer, even when one defendant has filed a motion to dismiss instead of answering. *See Doe v. U.S.*, 419 F.3d 1058, 1061 (9th Cir.2005); *Grassmueck v. Barnett*, No. C03-122P, 2003 WL 22128337, at *2 (W.D.Wash. July 7, 2003).
>
> Courts maintain discretion in certain circumstances to consider a 12(c) motion even when one of the defendants has not filed an answer. *See Noel v. Hall*, No. CV99-649-AS, 2005 WL 2007876, at *1-2 (D.Or. Aug.16, 2005). This is most notably true when a plaintiff fails to serve one of the defendants. *See Moran*, 825

2

> F.Supp. at 894. *See also Noel,* 2005 WL 2007876, at *2 (considering Rule 12(c) motion where two defendants had not filed an answer 5 years after being served with the complaint).
>
> Here, the Court finds no reason to excuse the requirement that the pleadings be closed before a Rule 12(c) motion can be filed. Both Defendants have been served. Knoblauch must wait until either the YWCA files an answer or the YWCA's motion to dismiss is granted before moving for judgment on the pleadings.

*Id.* This same rationale informs the instant case.

Here, there is no dispute that service was perfected upon American Benefits, D.W. Dickey & Son, Inc., and D.W. Dickey & Son, Inc. Employee Health and Welfare Plan. There is also no dispute that only one of these parties has filed an answer to the Doe counterclaims. In its reply memorandum, American Benefits belatedly recognizes the potential timing dilemma it faces and argues, first, that the pleading has closed, and second, that if the Court disagrees, then this Court should regard the motion for judgment on the pleadings as a motion to dismiss for lack of subject matter jurisdiction or for failure to state a claim upon which the Court may grant relief. (Doc. # 44, at 4 n.2.)

This Court finds neither argument well taken. As noted above, the rationale of *Habeeba's Dance of the Arts, Ltd.* teaches that the relevant pleading has not closed in regard to the Doe counterclaims. This leaves the requested conversion of the motion, but the authority to which American Benefits directs this Court to support conversion does not compel such action.

In *Huisjack v. Medco Health Solutions, Inc.*, 496 F. Supp. 2d 859 (S.D. Ohio 2007), for example, the undersigned judicial officer addressed a scenario in which a defendant had filed an answer, then an amended answer, and finally a subsequent motion to dismiss. *Id.* at 861. This Court converted the motion to dismiss into a motion for judgment on the pleadings, a conversion that finds its roots in established Sixth Circuit precedent. *See Scheid v. Fanny Farmer Candy*

*Shops, Inc.*, 859 F.2d 434, 436 n.1 (6th Cir. 1988) (construing post-answer Rule 12(b)(6) motion as a Rule 12(c) motion). The other case upon which American Benefits relies, *Horen v. Board of Education of Toledo City School District*, 594 F. Supp. 2d 833 (N.D. Ohio 2009), is also only persuasive authority. Thus, although the district court in *Horen* did convert a Rule 12(c) motion into a Rule 12(b) motion–and did so by citing other courts that have acted similarly–such an exercise of discretion is not binding on this Court, which remains free to evaluate such conversion on a case-by-case basis.

The past practice of this Court favors no conversion under the present circumstances. In contrast to the foregoing but distinguishable *Huisjack* conversion of a Rule 12(b) motion to a Rule 12(c) motion, this Court has previously denied as premature a Rule 12(c) motion that predated the close of pleadings, albeit when only one defendant was involved. *See Kung v. Ohio Dep't of Ins.*, No. 2:05-CV-1048, 2006 WL 2345533, at *2 (S.D. Ohio Aug. 10, 2006). Such a similar denial is warranted here.

Contrary to American Benefits' assertion that "no useful purpose is gained by denying [its] motion as premature," there is a point to denying the motion *sub judice*. (Doc. # 44, at 4 n.4.) There is always utility in following the rules, and developing a clean record for any possible appeal is always of value to the parties, this Court, and the court of appeals. Although the timing issue has not always been presented to this Court in prior cases, it is before the Court today as a result of the briefing and should not be ignored.

This Court therefore concludes that the relevant pleading has not closed in regard to the Doe counterclaims. The Court also concludes that there are not sufficient grounds to excuse the requirement of closed pleading that precedes the filing of a proper Rule 12(c) motion.

4

Accordingly, this Court **DENIES** American Benefit's premature motion for judgment on the pleadings. (Doc. # 22.)

**IT IS SO ORDERED**.

                                              /s/ Gregory L. Frost
                                              GREGORY L. FROST
                                              UNITED STATES DISTRICT JUDGE